UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSE CARRASCO,

        Plaintiff,

v.                    9:17-CV-0246
                      (GTS/DJS)

A.J. ANNUCCI, et. al.,

        Defendants.

---

APPEARANCES:

JOSE CARRASCO
09-A-1668
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

GLENN T. SUDDABY
Chief United States District Judge

**DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff Jose Carrasco ("Plaintiff") commenced this action by filing a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."), Dkt. No. 5 ("IFP Application"). By Decision and Order filed on May 26, 2017 (the "May Order"), this Court granted Plaintiff's IFP application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. On the basis of that review, the Court dismissed the following, without prejudice: (i) claims against defendants A.J. Annucci ("Annucci"), Nurse

1

Administrator C. Simpson ("Simpson"), Deputy Superintendent of Administration D. Keysor ("Keysor"), Sergeant Mr. H ("Mr. H."), and Family Health Service Director V. Johnson ("Johnson"); (ii) Eighth Amendment claims against Defendants Nurse Administrator J. Collins ("Collins") and Dr. Sienko ("Sienko"); (iii) supervisory claims against Defendant Superintendent Thomas LaValley ("LaValley"); and (iv) retaliation claims against Defendants Correction Officer John Doe #1, Correction Officer John Doe #2, and LaValley.[1] *See* Dkt. No. 7, *generally*. The Court also concluded that Plaintiff's Eighth Amendment claims against John Doe #1, John Doe #2, and Nurse Jane Doe, that arose in October 2013, fell outside the three-year statute of limitations applicable to Section 1983 actions and were time-barred. *See id.* at 10-12. In light of his pro se status, Plaintiff was afforded an opportunity to submit an Amended Complaint. *See id.* at 19.

On July 31, 2017, Plaintiff filed an Amended Complaint claiming that John Doe #1, John Doe #2, Jane Doe, Collins, and Sienko violated his Eighth Amendment rights. *See* Dkt. No. 10, *generally*. Plaintiff did not assert any allegations against Simpson, Johnson, Keysor, Mr. H, and LaValley or retaliation claims. *See id.* Plaintiff provided factual allegations in an attempt to trigger the continuing violation doctrine. *See id.* In a Decision and Order filed on September 11, 2017 (the "September Order"), the Court dismissed the Eighth Amendment claims finding that Plaintiff failed to plead any "non-time barred acts" to invoke the doctrine. Dkt. No. 11. The Court afforded Plaintiff one final opportunity to amend the complaint. *See id.* at 7.

---

[1] In the May Order, the Court dismissed the following claims, with prejudice: (i) Section 1983 claims for monetary damages against the State of New York; and (ii) constitutional claims based upon defendants' alleged violations of DOCCS' Directives. *See* Dkt. No. 7 at 18-19.

Presently before the Court is Plaintiff's Second Amended Complaint. Dkt. No. 12 ("Sec. Am. Compl.").

## II. LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the May Order and will not be restated here. *See* Dkt. No. 7 at 2-4. Taking into account Plaintiff's pro se status, the Court construes the allegations in Plaintiff's Second Amended Complaint with the utmost leniency. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

## III. REVIEW OF SECOND AMENDED COMPLAINT

The facts asserted in the Second Amended Complaint are largely identical to the facts asserted in the Amended Complaint. Plaintiff claims that while he was "in treatment," defendants placed him in "situations that caused him to be stabbed by other inmate[s]." Sec. Am. Compl. at 1. Plaintiff asserts that "these subsequent problems eminented [sic] from the original crisis." *Id.* Plaintiff also alleges that he was repeatedly transferred to different facilities, without specific facts related to when, where, or who was responsible for the transfers. *See id.* at 2.

## IV. ANALYSIS

The law related to Section 1983 actions, the statute of limitations, and the continuing violation doctrine was discussed in the May Order and September Order and will not be restated herein. *See* Dkt. No. 7 at 10-11; Dkt. No. 11 at 5-6. In the September Order, the

Court held that, "Plaintiff's conclusory assertion that he is subjected to a discriminatory policy 'each time' he interacts with "OMH staff" and "officials," was insufficient to suggest the existence of an ongoing policy of discrimination. *See* Dkt. No. 11 at 6. Moreover, the Court noted that Plaintiff failed to plead the existence of non-time barred acts taken in furtherance of that policy or personal involvement by any defendant. *See id.*

Having reviewed Plaintiff's allegations in the Second Amended Complaint, the Court finds that the pleading does not contain any facts suggesting the existence of non-time barred acts taken in furtherance of a policy or personal involvement by any defendant. Despite the fact that Plaintiff was afforded two opportunities to amend the Complaint, the amended pleading does not cure the deficiencies identified in the original Complaint. Plaintiff's Second Amended Complaint lacks facts establishing that the action is timely and further, is devoid of any reasonable explanation for the untimely filing. Moreover, Plaintiff has not demonstrated "extraordinary circumstances" that would compel this Court to apply the tolling doctrine.

Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, but because plaintiff has already had two opportunities to amend the Complaint, the action is dismissed without leave to replead.

## V.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, without

leave to replead. The Clerk is directed to close this case; and it is further

> **ORDERED** that the Clerk serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: December 15, 2017
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge